STATE OF NEW JERSEY v. DANNY BUONO.

November 22, 1982.

Leave to appeal is granted and it is further ORDERED that the order of the Appellate Division is summarily reversed and the appeal pending in the Appellate Division is dismissed.

AUGUST E. KEECH AND HELEN M. KEECH, HIS SPOUSE v. LAPOINTE MACHINE TOOL COMPANY.

November 29, 1982.

Having granted defendant Lapointe Machine Tool Company (Lapointe) leave to appeal in this products liability case to consider whether the courts of New Jersey had jurisdiction over Lapointe, service of process having been made by mailing copies of the summons and complaint to two directors of Lapointe in Massachusetts; and having considered the briefs and oral arguments of the parties and the only facts set forth in the record, namely, that in 1955 Lapointe manufactured and sold a machine to an Oklahoma company; that in 1978 plaintiff was injured in New Jersey as a result of a claimed defect in the machine; that Lapointe had done business, the nature of which was not described, in New Jersey before 1972; and having found that the record is insufficient to establish that there exist "minimum contacts" between the defendant and New Jersey as the forum state "such that maintenance of the suit 'does not offend traditional notions of fair play and substantial justice,'" *World-Wide Volkswagen Corp. v. Woodson,* 444 *U.S.* 286, 292, 100 *S.Ct.* 559, 564, 62 *L.Ed.2d* 490, 498 (1980), it is hereby ORDERED that the order denying defendant's motion for dismissal is reversed, subject to the condition that plaintiffs be given leave to conduct discovery, upon terms set by the trial court, to determine whether "minimum contacts" do exist, and for the trial court to reconsider the matter upon completion of such discovery. Jurisdiction is not retained.